# IN THE COURT OF APPEALS OF IOWA

No. 16-1693
Filed March 7, 2018

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**MICHAEL T. JOHNSON,**
　　　　Defendant-Appellant.
_____


　　　　Appeal from the Iowa District Court for Clinton County, Stuart P. Werling,

Judge.


　　　　Michael Johnson appeals from his conviction for sexual abuse in the third

degree.　**REVERSED AND REMANDED FOR A NEW TRIAL.**


　　　　Kent A. Simmons, Bettendorf, for appellant.

　　　　Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant

Attorney General, for appellee.


　　　　Considered by Danilson, C.J., Vaitheswaran, J., and Mahan, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**DANILSON, Chief Judge.**

Michael Johnson appeals from his conviction following a bench trial for sexual abuse in the third degree, in violation of Iowa Code sections 709.1 and .4(4) (2013). Johnson maintains he is entitled to a new trial because the district court erred in granting the State's motion to amend the trial information and abused its discretion in denying Johnson's motion for new trial on the same basis. We conclude the amended trial information presented a wholly new and different offense and Johnson suffered prejudice as a result of the amendment. We therefore find the district court erred in denying the motion for new trial, and we reverse and remand for a new trial.

**I. Background Facts & Proceedings.**

This matter arose following an alleged assault N.K. reported had occurred on the night of October 27, 2013. N.K.—then a university freshman—stated she was attending a Halloween party at the home of other university students and had become intoxicated. N.K. said she felt sick and went outside of the house with Johnson to get some air. Johnson and N.K. sat on some steps next to the house while N.K. vomited. When N.K. stopped vomiting, Johnson asked for a kiss, and N.K. complied with a "peck." N.K. stated Johnson then forced his finger into her vagina and she "froze" due to the pain. N.K. said Johnson removed his finger from her vagina when another party-goer came outside.

N.K. reported the incident to her friends, who took her back to the dormitory and told her to report the assault to authorities. She spoke with a campus security guard and a police officer. She completed a written statement,

bagged her clothing to provide to the police, and went to the hospital where a sexual assault kit was completed. N.K. stated she noticed she had blood in her underwear. At the hospital, it was confirmed N.K. had bruising and an abrasion on the right labia causing the bleeding. N.K. also had hickeys on her neck, which were swabbed for DNA. N.K. stated she does not remember how she got the hickeys.

Officers later interviewed Johnson and obtained the Halloween costume he was wearing on the night of the incident. A DNA sample taken from Johnson's costume was a match for N.K. Additionally, the swab of the hickeys on N.K.'s neck revealed a match for Johnson's DNA. Johnson maintains he did not assault N.K.

Johnson was charged with third-degree sexual abuse, in violation of Iowa Code sections 709.1 and 709.4(1).[1] Johnson elected to waive a jury trial, and the bench trial was held on July 11-12, 2016. At the close of evidence—after the State's rebuttal evidence was submitted—the State moved to amend the trial

---

[1] Iowa Code section 709.1 defines sexual abuse:

> Any sex act between persons is sexual abuse by either of the persons when the act is performed with the other person in any of the following circumstances:
> (1) The act is done by force or against the will of the other. If the consent or acquiescence of the other is procured by threats of violence toward any person or if the act is done while the other is under the influence of a drug inducing sleep or is otherwise in a state of unconsciousness, the act is done against the will of the other.
> (2) Such other person is suffering from a mental defect or incapacity which precludes giving consent, or lacks the mental capacity to know the right and wrong of conduct in sexual matters.
> (3) Such other person is a child.

Additionally, section 709.4(1) (now 709.4(1)(a)) provides: "A person commits sexual abuse in the third degree when the person performs a sex act . . . done by force or against the will of the other person, whether or not the other person is the person's spouse or is cohabiting with the person."

information to charge Johnson with third-degree sexual abuse, in violation of 709.4(4).[2] Johnson's attorney objected. The court made its ruling on the motion to amend in its order and ruling entered on July 29, 2016. The court granted the motion and found Johnson guilty of the newly-amended charge of third-degree sexual abuse, in violation of Iowa Code section 709.4(4).

Johnson filed a motion for new trial on September 9, 2016, arguing the court improperly allowed amendment of the trial information as that amendment constituted a wholly new and different offense, affected Johnson's substantial rights, and resulted in prejudice to Johnson. Johnson argued:

> The State chose to proceed on subsection (1) of Section 709.4, and thereby notified the defense the State's case would require proof beyond a reasonable doubt that a sex act was "done by force or against the will of the other person." The decision to reject a plea offer and the decision to waive a jury were both made upon the consideration that a trial would address the question of an overborne will or the use of force. Additionally, had the defense been on reasonable notice that the theory of incapacity would be amended, the defense could have conducted cross-examination and produced additional witnesses and evidence to show the complainant's level of intoxication was nowhere near the level that would render her incapacitated. The amendment did constitute a wholly new and different offense, as it charged a new subsection and a wholly different theory of the prosecution's case.

The district court orally ruled on the motion for new trial following an October 6, 2016 hearing. The court held:

> The court, in its findings, was clear that there was no consent issued by the complaining witness, and although the court felt that a stronger theory of the prosecution's facts as entered would have been on her inability to give consent based on intoxication, as the State correctly points out, the issue is whether or not she consented.

---

[2] Iowa Code section 709.4(4) (now 709.4(1)(d)) provides: "A person commits sexual abuse in the third degree when the person performs a sex act . . . while the other person is mentally incapacitated, physically incapacitated, or physical helpless."

Either she was capable of giving consent and refused to, which is essentially the theory that the State originally had prosecuted, or she was incapable of giving consent due to her extreme intoxication. The court felt that the evidence was sufficient to find that there was extreme intoxication on behalf of the complaining witness, rendering her incapable of giving consent.

Regardless, there was absolutely no evidence given during the trial that she consented to a sex act, and, in fact, the defense was a denial that a sex act occurred. So even if the amendment was improper, the evidence was sufficient to establish [Johnson's] guilt of sexual abuse in the third degree as charged originally by the trial information.

Therefore, I don't think that the defense had any surprise unfair trial tactics imposed. I don't think that the trial was unfair in that regard, as [Johnson] went to trial and was prosecuted pursuant to the theory that the State had originally put forth.

Thus, the court denied Johnson's motion for new trial. Johnson appeals.

## II. Standard of Review.

Johnson argues both that the amendment to the trial information was improper under Iowa Rule of Criminal Procedure 2.4(8)(a) because (1) it was not made "during the trial," and (2) it prejudiced Johnson's substantial rights and a wholly new offense was charged. Because we find the second claim requires reversal, we will address that argument. Our review of a challenge to the amendment of the trial information pursuant to the second part of the rule—the portion addressing Johnson's substantial rights and whether a wholly new and different offense was charged—is for correction of errors at law. *State v. Maghee*, 573 N.W.2d 1, 5 (Iowa 1997).

## III. Analysis.

Iowa Rule of Criminal Procedure 2.4(8)(a) provides:

The court may, on motion of the state, either before or during the trial, order the indictment amended so as to correct errors or omissions in matters of form or substance. Amendment is not

allowed if substantial rights of the defendant are prejudice by the amendment, or if a wholly new and different offense is charged.

Johnson contends the amendment in this case both prejudiced his substantial rights and constituted a wholly new and different offense. We agree.

*(1) Wholly new and different offense.* Johnson was originally charged under Iowa Code section 709.4(1) ("A person commits sexual abuse in the third degree when . . . [t]he act is done by force or against the will of the other person . . ."). Under this theory of prosecution, the State was required to prove N.K. was sexually abused either by force or by lack of consent. *See State v. Meyers*, 799 N.W.2d 132, 146 (Iowa 2011). "[M]eaningful consent is the important inquiry, and this inquiry normally takes into account circumstances indicating any overreaching by the accused, together with circumstances indicating any lack of consent by the other person." *Id.*

Johnson was found guilty by the district court under section 709.4(4) (stating a person commits third-degree sexual abuse when "[t]he act is performed while the other person is mentally incapacitated, physically incapacitated, or physically helpless"). This theory of prosecution requires the State to prove N.K. was "mentally incapacitated" due to her extreme intoxication. "'Mentally incapacitated' means that a person is temporarily incapable of apprising or controlling the person's own conduct due to the influence of a narcotic, anesthetic, or intoxicating substance." Iowa Code § 709.1A.

Subsections (1) and (4) of section 709 constitute wholly different offenses. Subsection (1) requires proof of lack of consent, while subsection (4) requires proof of an inability to consent. While N.K.'s level of intoxication may have

affected the evidence as to whether or not she consented to the sex act under subsection (1), Johnson was not on notice that the State was alleging N.K. was completely incapable of consenting under subsection (4). It is conceivable one's defense strategy would greatly differ depending on which theory of prosecution is being pursued. *Compare Maghee*, 573 N.W.2d at 5 (concluding where "the amendment charged the same offense but with a large amount of drugs involved resulting in a potentially more severe sentence," it did not charge a wholly new or different offense), *with State v. Sharpe*, 304 N.W.2d 220, 223 (Iowa 1981) (finding "first-degree murder was a 'wholly new and different offense within the meaning of the rule" because "it contains elements not found in second-degree murder" and "there is a great disparity in punishment").

*(2) Prejudice.* Additionally, Johnson contends the court erred in allowing the amendment to the trial information because it prejudiced his substantial rights. "An amendment prejudices the substantial rights of the defendant if it creates such a surprise that the defendant would have to change trial strategy to meet the charge in the amended information." *Maghee*, 573 N.W.2d at 6. In determining if Johnson was prejudiced by the amendment, we consider whether Johnson was on notice of the alternative theory of prosecution—as evidenced by the lack of a request for a continuance—and whether the amendment would change Johnson's defense strategy. *State v. Brothern*, 832 N.W.2d 187, 193-94 (Iowa 2013). We also consider if Johnson "would have pled guilty had he . . . known of [the plan to amend] before trial." *Id.* at 196.

Here, Johnson contends the amended trial information, if submitted earlier, not only would have affected his decision to reject a plea offer but also his decision to waive a jury trial. Johnson also maintains if the State would have pursued its case under section 709.4(4) prior to the close of evidence, Johnson would have called specific witnesses to rebut the State's claim that N.K. was mentally incapacitated within the meaning of section 709.4(4). Specifically, in the reply brief Johnson asserts if provided sufficient notice of the incapacitation theory of prosecution, Johnson could have called three witness to testify as to N.K.'s state of intoxication on the night in question: Austin Smith and Madeleine Wright, who were both at the Halloween party and interacted with N.K. soon after the assault was alleged to have occurred, and Kevin Temperly, the campus security officer who took N.K.'s sexual-assault complaint before calling the police. As such, Johnson has established the amendment to the trial information would, indeed, have changed the defense strategy.

The State asserts Johnson was not prejudiced by the amendment because it was clear that N.K.'s intoxication was at issue throughout the case. However, by that same token, the State was aware intoxication was at issue and chose not to move to amend the trial information until all the evidence was submitted. Additionally, the record belies the assertion Johnson was on notice of the mental-incapacitation issue from the start of trial. Following the State's oral motion to amend, the court addressed defense counsel, "I assume this is a surprise to you." To which counsel confirmed it was "[v]ery much a surprise."

The State's late motion to amend withheld from Johnson the ability to defend the case in the same manner as if section 709.4(4) was timely alleged.

Additionally, the court's heavy reliance on N.K.'s intoxication in its order and ruling and its ruling on the motion for new trial is indicative of the prejudice to Johnson's substantial rights. In its ruling and order, the court found:

> In considering all of the surrounding circumstances of the commission of the act, the court determines there is proof beyond a reasonable doubt that the sex act was performed against the will of the victim as she was incapable of giving consent due to her extreme intoxication. At the time of the sex act, N.K. was incapacitated due to intoxication and this incapacity was known or should have been known to . . . Johnson.

Although the court stated in its ruling on the motion for new trial that there was sufficient evidence to find Johnson guilty under both section 709.4(1) and (4), the court only found Johnson guilty of third-degree sexual abuse under section 709.4(4).

We conclude the State's late amendment prejudiced Johnson in his decision not to enter a plea, to waive a jury trial, and in his presentation of witnesses supporting a defense. We therefore find Johnson's substantial rights were prejudiced by the State's amendment of the trial information after the close of evidence in this case, and the district court erred in denying Johnson's motion for new trial on that basis.

## IV. Conclusion.

We conclude under the facts of this case, the amendment of the trial information after the close of evidence to include a violation of section 709.4(4) constituted a wholly new and different offense and prejudiced Johnson's

substantial rights. We therefore find the district court erred in denying the motion for new trial, and we accordingly reverse and remand for a new trial.[3]

**REVERSED AND REMANDED FOR A NEW TRIAL.**

---

[3] We note the State requests, even if the amendment was improper, that we remand for entry of an amended judgment on section 709.4(1) because the court found guilt under both forms of third-degree sexual abuse. We note the order and ruling, as well as the sentencing order, clearly provide Johnson was found guilty only under section 709.4(4). Additionally, we have found Johnson suffered prejudice in being prevented from presenting a full defense to the charge under section 709.4(4). As opposed to *State v. Irvin*, 334, N.W.2d 312, 315 (Iowa 1983), where the supreme court determined "[t]he facts in the present controversy have already been determined by the proper trier of fact," here Johnson is entitled to a determination of the facts by a trier of fact after presenting a full defense. As such, a new trial is required.